UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
:
EDWARD NEPO and DORINA NEPO,            :
:
Plaintiffs,   :
:          21-CV-9287 (VSB)
- against -                  :
:             **ORDER**
:
PRIME MERIDIAN MOVING and               :
HOMITCH GRABOWSKI,                      :
:
Defendants.   :
---------------------------------------------------------- X

<u>VERNON S. BRODERICK</u>, United States District Judge:

Plaintiffs Edward Nepo and Dorina Nepo (the "Nepos" or "Plaintiffs") filed this action on November 9, 2021, against Defendants Prime Meridian Moving and Homitch Grabowski (together, "Defendants") for Defendants' allegedly causing damage to the Nepos' belongings during an interstate move. (Doc. 1; *see also* Doc. 6 ("Compl.").)[1] Currently before me is Defendants' Rule 12(b)(6) motion seeking dismissal of all but one of the Nepos' causes of action. (Doc. 17.)

Before I consider Defendants' pending motion, I must address my jurisdiction to hear this case. Plaintiffs allege that I have subject matter jurisdiction over this action through 28 U.S.C. § 1337 because this case arises under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. (Compl. ¶ 11.) The Nepos plead one claim under the Carmack Amendment, (*id.* ¶¶ 45–50), and four other claims under state law, (*id.* ¶¶ 51–75).

---

[1] "Compl." refers to Plaintiffs' Complaint. Plaintiffs' initial filings generated docket errors in this action, which led to their refiling their Complaint on November 10, 2021. (Doc. 6.) The November 10, 2021, filing is thus the operative version of the Complaint.

1

Federal district courts are courts of limited jurisdiction and must confirm that they have subject matter jurisdiction over matters before them. *See Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009). "Although neither party has raised a question as to this Court's jurisdiction . . . 'it is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *Sanders v. New World Design Build, Inc.*, 19-CV-1071 (VSB), 2020 WL 1957371, at *1 n.2 (S.D.N.Y. Apr. 23, 2020) (quoting *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)); Fed. R. Civ. P 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"28 U.S.C. [§] 1337(a) provides that the district courts shall have original jurisdiction of an action brought under the Interstate Commerce Act 'only if the matter in controversy for each receipt or bill of lading exceeds $10,000 exclusive of interest and costs.'" *Boorman v. United Parcel Serv. of Am., Inc.*, 159 F.3d 1345 (2d Cir. 1998) (unpublished table decision) (quoting 28 U.S.C. § 1337(a)). In *Boorman*, the Second Circuit affirmed a district court's "*sua sponte* . . . dismiss[al]" of an action filed under the Interstate Commerce Act for "fail[ing] to allege the $10,000 amount in controversy required by 28 U.S.C. § 1337(a)." *Id.* The plaintiff's complaint had "sought $8034 in compensatory damages predicated upon the [Interstate Commerce Act], $8034 in compensatory damages for her state law claims, and $24,012 in punitive damages." *Id.* In affirming dismissal, the Second Circuit noted that the "$8034 in compensatory damages" did not "satisfy the jurisdictional requirement," and it further noted that the plaintiff's request for damages under "her state law claims" could not lead to jurisdiction, given that "her state law claims are preempted by the ICC Termination Act." *Id.* (citing *Cleveland v. Beltman N. Am. Co.*,

30 F.3d 373, 377–79 (2d Cir. 1994)).  Further, *Boorman* notes that the district court could not have exercised diversity jurisdiction over the action because, among other things, the plaintiff "failed to allege either her own citizenship or the corporate citizenship of" the defendant.  *Id.*

I find that *Boorman* controls and I do not have subject matter jurisdiction.  With regard to jurisdictional allegations, the Complaint closely resembles the allegations in *Boorman*.  Although the Complaint alleges that "there is in excess of $10,000 at issue," (Compl. ¶ 11), the rest of the Nepos' Complaint demonstrates that this is not correct.  *See Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) ("If, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, . . . the suit will be dismissed." (citation omitted)); *see, e.g.*, *Neat-N-Tidy Co. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991) ("although the complaint's *ad damnum* requests damages in excess of $1,000,000 and $5,000,000 on the Third and Fourth Claims, respectively, the complaint, liberally construed, contains no allegations from which the Court may infer a good faith basis for recovery of damages" satisfying the jurisdictional amount in controversy threshold); *Whitter v. Waizenegger*, 19 Civ. 283 (AT), 2019 WL 6210848, at *1 (S.D.N.Y. Nov. 21, 2019) ("courts in this circuit . . . have repeatedly held that . . . boilerplate assertions do not create a reasonable probability that the amount-in-controversy requirement is met," and collecting cases); *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 365 (S.D.N.Y. 2019) ("Boilerplate pleadings do not suffice to establish that an action involves an amount in controversy adequate to support federal . . . jurisdiction." (citation omitted)); *see also Price v. PetSmart, Inc.*, 148 F. Supp. 3d 198, 201 (D. Conn. 2015) ("The facts as pleaded do not plausibly suggest that plaintiff has suffered damages of more than" the relevant jurisdictional statute's amount in controversy requirement).  Specifically, Plaintiffs repeatedly

allege throughout the Complaint that the estimated value of their damaged Property—i.e., the damage caused by Defendants' mishandling of their belongings during the cross-state move—is $8,750.  (*Id.* ¶¶ 5 ("The estimated value of the damaged Property is $8,750."), 29 ("Plaintiffs estimated that the actual value of the damaged goods were at least $8,750."), 34 ("This [damages claim form] was now refiled as of August 23, 2021, and again, Plaintiffs estimated that the actual value of the damaged goods were at least $8,750.").)  *Cf. Boorman*, *supra* (noting that plaintiff's pleadings were premised on "an itemized list of missing or damaged items, valued at approximately $8,034," and using this amount as the amount in controversy).

In addition, like in *Boorman*, the Nepos' state law claims "are preempted by the ICC Termination Act," *id.*, and diversity jurisdiction under 28 U.S.C. § 1332 cannot attach because the Nepos do not allege the citizenship of any party to this action, *see Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014) ("all plaintiffs must be citizens of states diverse from those of all defendants"); *see also Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) ("allegations of residency alone cannot establish citizenship"). Even if Plaintiffs could demonstrate complete diversity, based upon the allegations in the Complaint, the amount in controversy is under $75,000.

4

Accordingly, I cannot exercise subject matter jurisdiction over this action. As such, this action is DISMISSED. The Clerk of Court is respectfully directed to close the open motion at docket number 17 and to terminate this action.

SO ORDERED.

Dated:   March 30, 2022
         New York, New York

*[signature]*
VERNON S. BRODERICK
United States District Judge